FILED IN THE DISTRICT COURT
OKLAHOMA COUNTY, OKLA.

MAR - 7 2012

PATRICIA PRESLEY, COURT CLERK
by_____
          DEPUTY

CJ-2012-1425

IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

STATE OF OKLAHOMA, ex rel. JOHN DOAK, )
INSURANCE COMMISSIONER, AS RECEIVER )
FOR PARK AVENUE PROPERTY & )
CASUALTY INSURANCE COMPANY )
                                  )
                       Plaintiff, )
                                  )   Case No. _____
vs.                               )
                                  )
PYRAMID DIVERSIFIED SERVICES, INC. d/b/a )
SIMPLE HR,                        )
                                  )
                       Defendant. )

## PETITION

The State of Oklahoma, *ex rel.* John Doak, Insurance Commissioner, as Receiver for Park Avenue Property & Casualty Insurance Company, f/k/a Providence Property & Casualty Insurance Company, in liquidation ("**Park Avenue**") and the State of Oklahoma, *ex rel.* John Doak, Insurance Commissioner, as Receiver for Park Avenue Casualty and Indemnity Company in liquidation ("**Park Avenue**"), for their claims for relief against Defendant Pyramid Diversified Services, Inc. d/b/a Simple HR ("**Simple HR**"), allege and state as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Park Avenue is an Oklahoma insurance corporation in liquidation pursuant to a *Consent Order of Liquidation with a Finding of Insolvency and Permanent Injunction* of the District Court of Oklahoma County, State of Oklahoma, dated November 18, 2009, in *State of Oklahoma ex rel John Doak v. Park Avenue Prop. and Cas. Ins. Co.*, No. CJ-2010-2340 (filed Nov. 13, 2009). Park Avenue is administered under the direction of Receiver John Doak, Commissioner of Insurance for the State of Oklahoma, and the supervision of the District Court of Oklahoma County, Oklahoma (the "**Park Avenue Receivership Proceeding**").

**Exhibit 1**

2. Simple HR is a Florida domestic corporation. Simple HR conducts business as a professional employer organization ("**PEO**").

3. This Court has jurisdiction and venue over the parties and matters set forth herein. *See* Oklahoma Uniform Insurers Liquidation Act ("**OUILA**"), OKLA. STAT. tit. 36, §§ 1901, 1902(C)(2) *et seq*, and the agreements of the parties.

4. Oklahoma law mandates that a receiver collect funds owed to insolvent insurance companies. OKLA. STAT. tit. 36, §1922.

## BACKGROUND ALLEGATIONS

5. Before Park Avenue was placed into receivership, Park Avenue sold high deductible workers' compensation policies to PEOs.

6. On the date it was put into receivership, Park Avenue was licensed to provide workers' compensation insurance coverage in 47 states.

7. Simple HR is a PEO which sells employment services to companies in multiple states for a fee, under contracts between the customer and Simple HR.

8. As part of its obligations under the contracts with its customers, Simple HR purchased workers' compensation insurance coverage for employees of the customer.

9. Simple HR entered into a contract with Park Avenue pursuant to which Park Avenue provided high deductible workers' compensation insurance policies to Simple HR.

10. In states where the laws and regulations require that a separate policy be issued for each PEO customer, Park Avenue issued policies under the Simple HR agreement for each Simple HR customer for each policy year.

11. Under these high deductible insurance policies, Park Avenue agreed to administer and pay each covered claim, regardless of amount, and Simple HR agreed to pay Park Avenue

premiums and the following amounts, up to each claim's deductible limit: (i) the sums paid on the claim by Park Avenue; (ii) the reserve established for unresolved claims; (iii) an actuarially determined sum for losses that have been incurred but not reported to the insurer; and (iv) loss adjustment expenses, which are, generally, the costs of adjusting claims.

12. Park Avenue provided high deductible workers' compensation insurance to Simple HR through a written insurance agreement, which included one or more insurance policies that specified the coverage, the policy period, and the insureds (the "**Agreement**").

13. Over the years, a series of Agreements were entered by Simple HR and Park Avenue.

14. Park Avenue invoiced or otherwise demanded payment from Simple HR for the amount due under the Agreement for each policy year for each of the respective categories of losses, expenses and charges.

15. Pursuant to the Agreement, payment is due within ten (10) days of the date of an invoice or demand.

16. Pursuant to the Agreement, Simple HR agreed to pay a late fee equal to one and one-half percent (1.5%) per month of the invoiced amount for each payment not received within ten (10) days of the invoice date, until payment is received.

17. The Agreement further provided that, upon Simple HR's default, Park Avenue had the right to immediately accelerate all payments and obligations owed by Simple HR.

**FIRST CLAIM FOR RELIEF**
**BREACH OF CONTRACT**
**(2005 Agreement)**

18. Park Avenue hereby incorporates the allegations contained in the preceding paragraphs as if set forth herein.

3

19.   Pursuant to an Agreement, which included one or more policies issued thereunder, Simple HR purchased workers' compensation insurance from Park Avenue for the period covering January 1, 2005, through December 31, 2005 (the "**2005 Agreement**").

20.   Park Avenue provided the insurance coverage and otherwise fully performed its obligations under the 2005 Agreement.

21.   Simple HR breached the 2005 Agreement and damaged Park Avenue by failing to pay all amounts it owes to Park Avenue pursuant to the 2005 Agreement.

22.   Park Avenue demanded in writing that Simple HR pay its obligations, but Simple HR has refused to do so.

23.   As a consequence of Simple HR's breach of the 2005 Agreement, Park Avenue accelerated the sums due under the 2005 Agreement and, accordingly, Simple HR owes Park Avenue an amount not less than $902, plus pre-judgment interest of not less than $206 through December 31, 2011, additional pre- and post-judgment interest after December 31, 2011, at a rate of 18% per annum, the cost of actuarial consulting fees, and additional costs incurred in litigation, including reasonable attorney fees.

**SECOND CLAIM FOR RELIEF**
**BREACH OF CONTRACT**
**(2006 Agreement)**

24.   Park Avenue hereby incorporates the allegations contained in the preceding paragraphs as if set forth herein.

25.   Pursuant to an Agreement, which included one or more policies issued thereunder, Simple HR purchased workers' compensation insurance from Park Avenue for the period covering January 1, 2006, through December 31, 2006 (the "**2006 Agreement**").

26. Park Avenue provided the insurance coverage and otherwise fully performed its obligations under the 2006 Agreement.

27. Simple HR breached the 2006 Agreement and damaged Park Avenue by failing to pay all amounts it owes to Park Avenue pursuant to the 2006 Agreement.

28. Park Avenue demanded in writing that Simple HR pay its obligations, but Simple HR has refused to do so.

29. As a consequence of Simple HR's breach of the 2006 Agreement, Park Avenue accelerated the sums due under the 2006 Agreement and, accordingly, Simple HR owes Park Avenue an amount not less than $699,772, plus pre-judgment interest of not less than $159,548 through December 31, 2011, additional pre- and post-judgment interest after December 31, 2011, at a rate of 18% per annum, the cost of actuarial consulting fees, and additional costs incurred in litigation, including reasonable attorney fees.

### THIRD CLAIM FOR RELIEF
### BREACH OF CONTRACT
### (20076 Agreement)

30. Park Avenue hereby incorporates the allegations contained in the preceding paragraphs as if set forth herein.

31. Pursuant to an Agreement, which included one or more policies issued thereunder, Simple HR purchased workers' compensation insurance from Park Avenue for the period covering January 1, 2007, through December 31, 2007 (the "2006 Agreement").

32. Park Avenue provided the insurance coverage and otherwise fully performed its obligations under the 2007 Agreement.

33. Simple HR breached the 2007 Agreement and damaged Park Avenue by failing to pay all amounts it owes to Park Avenue pursuant to the 2007 Agreement.

34. Park Avenue demanded in writing that Simple HR pay its obligations, but Simple HR has refused to do so.

35. As a consequence of Simple HR's breach of the 2007 Agreement, Park Avenue accelerated the sums due under the 2007 Agreement and, accordingly, Simple HR owes Park Avenue an amount not less than $1,423,338, plus pre-judgment interest of not less than $332,374 through December 31, 2011, additional pre- and post-judgment interest after December 31, 2011, at a rate of 18% per annum, the cost of actuarial consulting fees, and additional costs incurred in litigation, including reasonable attorney fees.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiff State of Oklahoma, *ex rel.* John Doak, Insurance Commissioner, as Receiver for Park Avenue Casualty and Indemnity Company, in liquidation, respectfully requests that Judgment be entered against Defendant Simple HR as follows:

A. Awarding Park Avenue money damages in an amount not less than $2,124,012, plus pre-judgment interest of not less than $429,128 through December 31, 2011, and additional pre- and post-judgment interest after December 31, 2011 at a rate of 18% per annum;

B. Awarding Plaintiff recovery of actuarial charges incurred in an amount not less than $2,000;

C. Awarding Plaintiff's costs, including reasonable attorney fees and discretionary and other costs, as permitted by law; and

D. Awarding any and all such other, further and general relief as the Court deems just and proper.

Respectfully submitted,

NEWTON, O'CONNOR, TURNER & KETCHUM, P.C.

_____
John M. O'Connor, OBA No. 6741
Keith A. Wilkes, OBA No. 16750
William W. O'Connor, OBA No. 13200
Christopher S. Thrutchley, OBA No. 15859
Gregory P. Reilly, OBA No. 22284
15 West Sixth Street, Suite 2700
Tulsa, Oklahoma  74119-5423
Telephone: 918-587-0101
Facsimile: 918-587-0102

**ATTORNEYS FOR PLAINTIFF,
STATE OF OKLAHOMA, ex rel.
JOHN DOAK, INSURANCE COMMISSIONER**